UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFANSO LEE, | No. EDCV 17-1959-DOC (SSx) |
| Plaintiff, | |
| v. | **ORDER SUMMARILY REMANDING** |
| NATASHA HILL, et al., | **IMPROPERLY-REMOVED ACTION** |
| Defendants. | |

The Court will remand this unlawful detainer action to state court summarily because Defendant removed it improperly.

On September 26, 2017, Defendants Natasha Hill and Does 1-10, having been sued in what appears to be a routine unlawful detainer action in California state court, filed a Notice of Removal of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand

the action to state court.

Simply stated, this action could not have been originally filed in federal court because the complaint does not competently allege facts supporting either diversity or federal-question jurisdiction. The assertion in the Notice of Removal that the Protecting Tenants at Foreclosure Act ("PTFA"), 12 U.S.C. § 5220, confers federal question jurisdiction is unavailing because the PTFA merely provides a potential <u>defense</u> in unlawful detainer actions, which does not support federal question jurisdiction. See <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 393 (1987) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."); <u>Merrell Dow Pharmaceuticals, Inc. v. Thompson</u>, 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction."); <u>Logan v. U.S. Bank Nat'l Ass'n</u>, 722 F.3d 1163, 1173 (9th Cir. 2013) ("The PTFA is framed in terms of 'protections' for tenants, suggesting that it was intended to provide a defense in state eviction proceedings rather than a basis for offensive suits in federal courts.").[1] Therefore, removal is improper. 28 U.S.C. §

---

[1] Courts in this district have <u>repeatedly</u> rejected the contention that the PTFA provides federal question jurisdiction in state law unlawful detainer actions. See, e.g., <u>THR California, LLC v. Hunt</u>, 2012 WL 12882056, at *1 (C.D. Cal. Oct. 5, 2012) (PTFA "does not confer subject matter jurisdiction on this Court"); <u>Wells Fargo Bank, N.A. v. Lee</u>, 2012 WL 5505782, at *1 (C.D. Cal. Nov. 13, 2012) (PTFA "cannot serve as the basis for establishing federal question jurisdiction" in a "simple state law unlawful detainer case"); <u>Nationstar Mortg., LLC v. Ilori</u>, 2014 WL 197732, at *3 (C.D. Cal. Jan. 14, 2014) (PTFA defense insufficient to confer federal question jurisdiction).

1441(a); see also Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546, 563 (2005).

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, County of Riverside, 880 North State Street, Hemet, CA 92543, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: October 11, 2017

*David O. Carter*
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE